IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLAFIRO GONZALEZ,<br><br>　　　　　Petitioner,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | No. CV-F-09-977 OWW<br>(No. CR-F-03-5165 OWW)<br><br>ORDER DECLINING TO ISSUE<br>CERTIFICATE OF<br>APPEALABILITY |

　　　Petitioner moves for a Certificate of Appealability in connection with his appeal from the denial of his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

　　　The standard for granting a certificate of appealability has been stated as follows:  "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *United States v. Zuno-Arce*, 339 F.3d 886, 888-89 (9th

1

Cir. 2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 146 L. Ed. 2d 542, 120 S. Ct. 1595 (2000)).  Any doubts about whether a petitioner has met this standard must be resolved in his favor. *Silva v. Woodford*, 279 F.3d 825, 833 (9th Cir. 2002) (citing *Slack*, 529 U.S. at 483-84); *see also Jefferson v. Welborn*, 222 F.3d 286, 289 (7th Cir. 2000) (COA should issue unless petitioner's claims are "utterly without merit").

Petitioner contended that he was entitled to relief because: (1) he was improperly sentenced under 21 U.S.C. § 841(b)(1)(A) for manufacture of methamphetamine, a Schedule II controlled substance, and should have been sentenced pursuant to 21 U.S.C. § 841(b)(1)(D), for a Schedule III controlled substance; (2) the 300 month sentence is illegal pursuant to *Edwards v. United States,* 523 U.S. 511 (1998); (3) his prior conviction by jury trial in the Tulare County Superior Court, Case No. 99-41887, on July 15, 1999, of transporting a controlled substance in violation of California Health & Safety Code § 11379(a), with a special allegation prohibiting probation for excess weight of methamphetamine, does not qualify as a prior predicate controlled substance offense for purposes of U.S.S.G. § 4B1.1 or for a mandatory term of imprisonment pursuant to 21 U.S.C. § 851; (4) Petitioner was not a member of the conspiracy, but was in a buyer-seller relationship; and (5) Petitioner was denied the effective assistance of trial and appellate counsel.  All of these claims were denied on their merits.

The Court declines to issue a Certificate of Appealability.

1  **Petitioner has not made a substantial showing of the denial of a**
2  **constitutional right in any of the claims raised in Petitioner's**
3  **Section 2255 motion.  No issue debatable among jurists of reason**
4  **is presented.**
5      IT IS SO ORDERED.
6  **Dated:     August 20, 2009**                      /s/ Oliver W. Wanger
                                                 UNITED STATES DISTRICT JUDGE