# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GLAFIRO GONZALEZ,<br><br>　　　　　Defendant. | 1:03-CR-05165 LJO<br><br>**MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(2), DEFENDANT'S STATUS MOTION, DEFENDANT'S REQUEST THAT HIS FEDERAL SENTENCE BE RETROACTIVELY RE-DESIGNATED TO RUN CONCURRENTLY WITH HIS STATE TERM, AND DEFENDANT'S MOTION FOR RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)**<br><br>**(ECF Nos. 617, 624, 626, and 627)** |
|---|---|

Defendant Glafiro Gonzalez moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) ("§ 3582"), in accordance with § 1B1.10(b)(1) of the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") and Amendment 782[1] to the USSG. ECF No. 617. The Government filed an opposition to Defendant's § 3582 motion. ECF No. 619. Defendant filed a reply. ECF No. 622. Upon a thorough review of the parties' briefing, the record in the case, including the Probation Office's Presentence Investigation Report ("PSR"), and the relevant law, the Court DENIES Defendant's § 3582 motion.

Defendant has recently filed three additional motions for relief related to his efforts to reduce his

---

[1] Amendment 782 revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. *See* USSG, sup. App'x C, amend. 782 (2014) ("Amendment 782").

1

sentence. He has moved for what he styled a "Status Motion," requesting a ruling on his § 3582 motion. ECF No. 624. He addressed a letter motion to the Court requesting that his federal sentence retroactively be re-designated to run concurrently with his state term. ECF No. 626. He has also filed a Motion for Relief pursuant to Federal Rule of Civil Procedure 60(b), seeking to set aside the June 21, 2005, judgment in his criminal case. ECF No. 627. For the reasons set forth below, the three additional motions are also DENIED.

## I. **BACKGROUND**

Following a two-day jury trial held on March 1 and 2, 2005, Defendant was convicted of one count of conspiracy to manufacture and distribute methamphetamine[2] and three counts of distribution of methamphetamine.[3] ECF Nos. 393, 396, 400, and 401. On February 18, 2005, prior to trial, the U.S. Attorney's Office filed information pursuant to 21 U.S.C. § 851 charging that in July, 1999, Defendant was convicted following a jury trial of transporting a controlled substance in violation of California state law. ECF No. 377. This prior conviction enhanced the mandatory sentence upon conviction to 20 years. *Id*.

The PSR found that Defendant was responsible for selling 45.36 kilograms of a mixture containing methamphetamine, resulting in a base offense level of 38. PSR ¶¶ 31-32 (citing USSG 2D1.1(c)(1)). The PSR recommended a three-level increase for Defendant's aggravating supervisory role in the conspiracy, *id.* ¶¶ 35-38, resulting in a recommended adjusted offense level of 41, *id.* ¶ 39. Defendant's criminal history computation resulted in 14 criminal history points, with in a criminal history category of VI. *Id*. ¶¶ 43-68. The resulting Guidelines range was 360 months to life. *Id.* at 26; *id*. ¶ 103. The PSR recommended a sentence of 360 months. *Id.* ¶ 106.

Defendant was sentenced and the judgment was entered on June 21, 2005. ECF No. 434. At

---

[2] 21 U.S.C. 846.

[3] 21 U.S.C. 841(a)(1) and (b)(1)(A) and 18 U.S.C. 2.

sentencing, the Court found that the quantity of methamphetamine involved in the crimes resulted in a base offense level of 38, with a two-level increase for his supervisory role in the conspiracy, for a total offense level of 40, resulting in a Guidelines range of 360 months to life. Applying the 18 U.S.C. § 3553(a) factors, the Court departed downward and imposed a sentence of 300 months.

## II. **STANDARD OF DECISION**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. § 3582(c)(2); *see United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission"). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. *See* Amendment 782. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* USSG, sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in USSG § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines that have lowered the sentencing ranges for certain offenses. *See* USSG § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court

3

turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

## III. DISCUSSION

**A.    § 3582 Application**

Amendment 782 has not reduced the guideline range applicable in Defendant's case. Under the amended Drug Quantity Table, an offense involving more than 45 kilograms of a mixture of methamphetamine still results in a base offense level 38. Because the drug quantity involved in Defendant's case was determined to be 45.38 kilograms, a base offense level of 38 continues to apply even after Amendment 782. USSG § 2D1.1(c). At the established criminal history category of VI and total offense level of 40, Defendant's guideline range is still 360 months to life, the same as the previous range applicable to his case. The Ninth Circuit has held that where application of the pertinent amendment does not result in a different sentencing range, the court is not authorized to reduce defendant's sentence under § 3582(c). *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) (holding that while the base offense level retroactively had been reduced, defendant was ineligible for a sentence reduction under § 3582(c) because the final sentencing range was unchanged due to the operation of the grouping rules). Because Amendment 782 does not affect the advisory guidelines range applicable to Defendant's original sentence, he is not eligible for a reduction in his sentence.

**B.    Status Motion**

Defendant's status motion, ECF No. 624, seeking an order on his § 3582 application, is rendered moot by this decision and order and is accordingly denied.

**C.      Motion To Retroactively Run Federal Sentence Concurrent With State Sentence**

Defendant filed a motion letter requesting that his federal sentence be retroactively re-designated to run concurrent with his state sentence. ECF No. 626. He states that approximately one month after being sentenced in state court, he was transferred into federal custody "without a mention of [his] concurrent sentence." *Id*. at 2. He acknowledges that his prior attempts to "retroactively redisgnate" his federal sentence under 28 U.S.C. § 2255 and 28 U.S.C. § 2241 were both denied. *Id*.

The order denying Defendant's motion pursuant to 28 U.S.C. § 2255 explained that his claim was not cognizable in a § 2255 motion:

> A motion under Section 2255 can test only the legality of the sentence imposed, not the manner of its execution. *United States v. Giddings*, 740 F.2d 770, 771-772 (9 Cir.1984); *Brown v. United States*, 610 F.2d 672, 677 (9 Cir.1980). Review of the execution of a sentence may be had through a petition for writ of habeas corpus under 28 U.S.C. § 2241. A petition for review of the execution of a sentence under Section 2241 must be filed in the District Court for the District in which the petitioner is incarcerated. . . . Petitioner is required to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, naming as respondent the warden of [the institution where the federal prisoner is incarcerated], and describing the extent to which, if any, he has exhausted available BOP administrative remedies.

ECF No. 555 at 25-26. Defendant subsequently did file a 28 U.S.C. § 2241 motion, which was denied. *Gonzalez v. Langford*, No. CV 17-6217 R (MRW), 2017 WL 6271256 (C.D. Cal. Nov. 27, 2017), *report and recommendation adopted*, No. CV 17-6217 R (MRW), 2017 WL 6271277 (C.D. Cal. Dec. 8, 2017).

As noted in the denial of Defendant's § 2255 motion, a request that a sentence be re-designated to run concurrently with a state sentence must be brought in the form of a motion under § 2241.

**D.      Motion For Relief Under Federal Rule of Civil Procedure 60(b)**

Defendant also filed a motion for relief pursuant to Federal Rule of Civil Procedure 60(b) to set aside the judgment in his criminal case and an affidavit in support of the motion. ECF No. 627.

Courts entertaining motions brought pursuant to Federal Rule of Civil Procedure 60(b) must

determine whether the motion presents a "claim" which is "an asserted federal basis for relief from a . . . judgment of conviction." *United States v. Washington*, 653 F.3d 1057, 1063 (9th Cir. 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005)). If it does, then the motion "is, in substance, a new request for relief on the merits and should be treated as a disguised § 2255 motion." *Id*. If, on the other hand, a Rule 60(b) motion "instead alleges a defect in the integrity of the federal habeas proceedings," it "constitutes a legitimate Rule 60(b) motion." *Id*. at 1063-64 (internal citation and quotation marks omitted).

Defendant's Rule 60(b) motion raises substantive attacks on the merits of his sentence. The motion alleges that because of "faulty information" concerning a 1994 conviction in juvenile court, he received an incorrect sentencing enhancement. ECF No. 627 at 2. He contends in relevant part that his 1994 juvenile court conviction for disturbing the peace was (1) misrepresented as a conspiracy to distribute methamphetamine and (2) improperly used to enhance his sentence. *Id*. The Court denied Defendant's original § 2255 motion, which alleged errors concerning the same sentencing enhancement he complains of in his Rule 60(b) motion. ECF No. 555 at 12-15.

Because the motion goes to the merits of the sentence imposed,[4] Defendant's "Rule 60(b) motion is, in fact, a § 2255 motion in disguise," and this Court is without jurisdiction to entertain it. *Washington*, 653 F.3d at 1065; 28 U.S.C. § 2255(h) (requiring successive § 2255 motions to be certified pursuant to § 2244 by "a panel of the appropriate court of appeals").

Moreover, even if Defendant's Rule 60(b) motion were not deemed a successive § 2255 motion, it would be denied because Defendant cannot demonstrate "extraordinary circumstances" justifying relief under Rule 60(b)(6).[5] *See Gonzalez*, 545 U.S. at 535. Defendant's 1994 charge for disturbing the peace contributed no points to Defendant's criminal history calculation, PSR at 11, and his 1999

---

[4] Habeas petitions brought under § 2255 include claims of "the right to be released upon the ground . . . that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

[5] To the extent that Defendant's motion is deemed as having been filed under Rule 60(b)(1) on the ground of mistake, the motion also fails. Motions under Rule 60(b)(1) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding" from which relief is sought. *See* Fed. R. Civ. P. 60(c)(1).

conviction for transportation of a controlled substance was accurately described in the Information that the Government filed, ECF No. 377; in the PSR; and in the Court's order denying Defendant's § 2255 petition, ECF No. 555.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Defendant Glafiro Gonzalez's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), ECF No. 617, is **DENIED**.
2. Defendant's status motion, ECF No. 624, is **DENIED AS MOOT**.
3. Defendant's request to retroactively run his federal sentence concurrent with his state sentence, ECF No. 626, is **DENIED**.
4. Defendant's motion for relief pursuant to Federal Rule of Civil Procedure 60(b), ECF No. 627, is **DENIED**.

IT IS SO ORDERED.

Dated: **January 30, 2018**             /s/ Lawrence J. O'Neill
                                        UNITED STATES CHIEF DISTRICT JUDGE