# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>GLAFIRO GONZALEZ,<br><br>    Defendant-Petitioner. | 1:03-cr-05165-NONE<br>1:20-cv-00160-NONE<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING SECOND OR SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255 AND DENYING MOTION FOR *NUNC PRO TUNC* ORDER FOR CONCURRENT SENTENCE**<br><br>**(ECF Nos. 635, 639)** |

## I. INTRODUCTION

Before the Court are two matters: Petitioner Glafiro Gonzalez's ("Petitioner") *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"), in which he alleges numerous instances of ineffective assistance by his counsel and "plain error" in his sentencing; and Petitioner's motion for a "Statement of Intention" to be used in support of his request for *nunc pro tunc* designation by the Bureau of Prisons ("BOP"). (ECF Nos. 635, 639.) This is Petitioner's third § 2255 petition submitted to the Court, and he has failed to obtain the required certification from the Ninth

1

Circuit for leave to file a successive petition. Additionally, the matter of the Court's position on Petitioner's request for *nunc pro tunc* designation is not ripe for review. For these reasons, and as explained further below, Petitioner's pending motions will be dismissed.

## II. **BACKGROUND**

Petitioner first moved for relief under § 2255 on June 3, 2009. (ECF No. 554.) In that motion, among the several grounds alleged, Petitioner raised ineffective assistance of trial counsel and the consecutive nature of his federal sentence in relation to a state sentence imposed earlier in time, which sentences Petitioner believed should have been run be concurrently. In a decision dated July 30, 2009, Petitioner's federal trial and sentencing judge, U.S. District Judge Oliver W. Wanger, denied Petitioner's § 2255 motion on statute of limitations grounds and, in the alternative, on the merits, and advised him that the sentencing issue he raised was not cognizable under § 2255. (ECF No. 555.)

On August 22, 2017, Petitioner filed with a sister court a motion under 28 U.S.C. § 2241 ("§ 2241") for review of the Bureau of Prison's calculation of his release date, again arguing that his federal sentence should have run concurrently with his state sentence. *See Gonzalez v. Langford*, No. 2:17-cv-06217-R-MRW, 2017 WL 6271256 (C.D. Cal. Nov. 27, 2017). The district court denied that § 2241 motion on December 8, 2017. *Id*.

On January 29, 2018, Petitioner filed a motion ostensibly under Federal Rule of Civil Procedure 60(b) but which this Court construed as a second or successive motion under § 2255. (ECF Nos. 627, 628.) The Court denied relief in a decision that addressed both the January 29, 2019 filing and two other motions submitted by Petitioner. Petitioner appealed this Court's decision on all three matters and also requested leave of the Ninth Circuit to submit a second or successive § 2255 motion to this Court. (ECF No. 637.) In an order dated April 9, 2019, the Ninth Circuit affirmed this Court's denial of relief and also denied Petitioner's request for leave to file a second or successive § 2255 motion. (ECF No. 637.) The denial of Petitioner's request for leave to file a second or successive § 2255 motion was "without prejudice to [Petitioner] filing an application for leave … in accordance with Ninth Circuit Rule 22-3."

(*Id.*)  The Ninth Circuit's mandate issued on April 17, 2019.  (ECF No. 638.)

Petitioner filed his motion related to the BOP *nunc pro tunc* designation on April 5, 2019 (ECF No. 635), and he filed his pending § 2255 motion with this court on January 30, 2020 (ECF No. 639).

### III. DISCUSSION

**A.     The § 2255 Motion**

Given that at least one of Petitioner's previous federal habeas petitions was dismissed the grounds that it was untimely under the federal statute of limitations, this renders subsequent petitions second or successive for purposes of 28 U.S.C. § 2244(b).  *See Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003) ("Although a dismissal based upon the statute of limitation does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA.").

Title 28 U.S.C. § 2255 provides that a prisoner may not bring a second or successive motion under that provision in district court unless "a panel of the appropriate court of appeals" certifies that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  The procedure for certification provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 157 (2007) (where petitioner "neither sought nor received authorization from the Court of Appeals" before filing a second or successive habeas petition, the district court "was without jurisdiction to entertain it").

3

/////

Because Petitioner has filed a successive § 2255 motion without certification from the Ninth Circuit Court of Appeals, this Court lacks jurisdiction to review the merits of that petition. *See Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1029-30 (C.D. Cal. 2003).

**B.     The Motion Related to *Nunc Pro Tunc* Designation by BOP**

In his motion related to *nunc pro tunc* designation by BOP, Petitioner asks this Court to provide a "Statement of Intention" for him to use in support of his request for retroactive designation to a state prison for service of his federal sentence. *See, e.g.*, *Rodriguez v. Copenhaver*, 823 F.3d 1238, 1239-40 (9th Cir. 2016). That is, Petitioner seeks "to get credit toward his federal sentence for the time he spent in state custody before being transferred to the Bureau of Prisons." *Id*. at 1240.

The legal framework of Petitioner's request is as follows:

> The Bureau of Prisons' authority to *nunc pro tunc* designate a state prison for service of a federal sentence derives from its authority to designate the facility where a federal defendant serves his sentence. 18 U.S.C. § 3621(b); *Reynolds v. Thomas*, 603 F.3d 1144, 1150 (9th Cir. 2010), *abrogated on other grounds by Setser v. United States*, [566 U.S. 231,] 132 S. Ct. 1463, 182 L.Ed.2d 455 (2012). Section 3621(b) gives the Bureau of Prisons discretion to designate the facility, but lists the factors that the Bureau of Prisons must consider when it exercises discretion. The statute directs the Bureau of Prisons to consider "any statement *by the court that imposed the sentence*—(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4) (emphasis added). This is a direction to the Bureau of Prisons to consider statements made by the sentencing judge to determine the judge's intent and reasoning for the particular sentence imposed on the particular defendant. … [S]ee also Federal Bureau of Prisons Program Statement No. 5160.06, at 6 (Jan. 16, 2003) (setting forth procedures to follow "[w]hen the original sentencing judge is no longer available and the assigned judge offers no opinion").

*Rodriguez*, 823 F.3d at 1242 (emphasis original).

/////

/////

/////

4

/////

According to the same Federal Bureau of Prisons Program Statement No. 5160.05, at 5-6 (Jan. 16, 2003) referenced by the Ninth Circuit in *Rodriguez*,[1] in the event an inmate makes a request for *nunc pro tunc* designation, an administrator contacts the inmate's sentencing court to determine whether it has objections to the request. The currently assigned judge will be contacted if the original sentencing judge is no longer available. *Id*. Because an administrative request is not before the Court as part of the BOP's formal information gathering process, the Court declines to entertain Petitioner's request for a "Statement of Intention" since there is no basis to provide one. *Cf. United States v. Goddard*, No. 2:16-cr-00199-BLW, 2018 WL 1937338 (D. Idaho Apr. 24, 2018) (concluding that the court had no power retroactively to run federal sentence concurrently with a state sentence imposed later in time where consecutive sentences were not the intent of federal court and offering *sua sponte* a statement of non-opposition to *nunc pro tunc* designation by BOP to satisfy an anticipated request for court's position should the prisoner seek such designation).

Finally, the Court addresses Petitioner's assertion that "if this Court had been asked," "this Court would have ordered that the sentence in this case run concurrently with the anticipated sentence in that [state] case, thereby crediting Petitioner with the time he spent in State prison toward his federal time." (ECF No. 635 at 3.) Petitioner has raised this contention more than once, and the Court offers two observations in response. First, Petitioner's state sentence was imposed first in time and therefore was not an "anticipated sentence" at the time his federal sentence was imposed. Second, a state judge's amenability to a state sentence running concurrently with a yet-to-be rendered federal sentence does not

---

[1] In *Rodriguez v. Copenhaver*, 823 F.3d 1238, 1242 (9th Cir. 2016), the court referenced and quoted Federal Bureau of Prisons Program Statement No. 5160.06 (Jan. 16, 2003). However, this Court could not locate a Program Statement numbered 5160.06. A Program Statement numbered 5106.05, with the same publication date, includes the content described by the Ninth Circuit. It also is the same Program Statement quoted in *United States v. Goddard*, No. 2:16-cr-00199-BLW, 2018 WL 1937338, *1 (D. Idaho Apr. 24, 2018). The Ninth Circuit's reference to Statement No. 5106.06 may be a mere clerical error.

5

impose any sentencing obligation on the federal court. As the district court opined when it denied Petitioner's previous § 2241 motion:

> What is the Court to make of the state judge's expressed intent that the state sentence run concurrent with the as-yet-unissued federal sentence? With respect, not much. Petitioner was obliged to serve the state court's six-year term whether he received an extensive sentence in the federal case or, as he undoubtedly hoped, was acquitted at his federal trial and received no sentence. The state judge clearly intended that Petitioner serve at least those six years in custody.
>
> But the scope of the federal sentence—and whether it was to run consecutive to the state term or not—is exclusively a matter of <u>federal</u> law without regard to the state judge's wishes. Section 3584(a) requires that multiple prison terms "imposed at different times run consecutively unless the court orders that the terms are to run concurrently." That's the <u>federal</u> court's order when rendering the <u>federal</u> sentence. In the "absence of an order to the contrary," the statute requires that "a federal sentence is to run consecutively to a prior state sentence." *United States v. Chea*, 231 F.3d 531, 535 (9th Cir. 2000); *Cox v. McGrew*, No. SA CV 12-666 CJC (JPR), 2013 WL 3811823 (C.D. Cal. 2013) (same).

*Gonzalez*, No. 2:17-cv-06217-R-MRW, 2017 WL 6271256, at *2 (emphasis original).

The Court therefore will reject Petitioner's motion related to his request for *nunc pro tunc* designation by BOP and takes no position on the matter of designation at this time.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED:**

1)  Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, ECF No. 639, is **DISMISSED** as a second or successive motion;

2)  Because Petitioner has failed to make a showing that he was denied a constitutional right, the Court **DECLINES** to issue a certificate of appealability with respect to the filing of this successive § 2255 motion without permission of the U.S. Court of Appeals for the Ninth Circuit, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)[2];

---

[2] Again, should Petitioner wish to file a second or successive § 2255 motion, he must obtain the

3) Petitioner's motion related to *nunc pro tunc* designation by BOP, ECF No. 635, is **DISMISSED**;

4) Petitioner's motion for appointment of counsel, ECF No. 636, is rendered **MOOT** by the Court's decision to dismiss both motions, and therefore, also is **DENIED**; and

5) The Clerk of Court is directed to assign a district judge to this case (both the criminal and parallel civil case numbers) for the purpose of closing this case and then to **CLOSE THOSE CASES**.

IT IS SO ORDERED.

Dated: **February 7, 2020**

                                                   *Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

---

requisite certification from the Ninth Circuit. *See* 28 U.S.C. § 2255(h), 28 U.S.C. § 2244(b)(3).

7