UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>**GLAFIRO GONZALEZ,**<br><br>**Defendant** | CASE NO. 1:03-CR-5165 AWI-6<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>(Doc. No. 642) |

On April 1, 2020, Defendant Glafiro Gonzalez appearing pro se, moved to modify his prison sentence through 18 U.S.C. § 3582(c)(1)(A). See Doc. No. 642. Pursuant to Eastern District of California General Order No. 595, defendant's motion was s referred to the Federal Defender's Office for the Eastern District of California on April 27, 2020. See Doc. No. 643. Following various stipulations, full briefing from the parties has been received and the matter is ripe for decision.[1] After review, the Court concludes that Defendant's motion will be denied.

*Background*

On March 3, 2005, a jury found Defendant guilty of conspiracy to distribute methamphetamine and three counts of distribution of methamphetamine. See Doc. Nos. 393, 396. Because of a prior drug felony, Defendant's mandatory minimum sentence was 240 months pursuant to 21 U.S.C. § 851. See Doc. No. 377.

---

[1] This matter was reassigned to the undersigned on October 14, 2020, for the limited purpose of resolving this § 3582 motion. See Doc. No. 653.

On June 21, 2005, Defendant was sentenced to a total term of 300 months imprisonment and 120 months supervised release. See doc. Nos. 430, 434. His projected release date is March 26, 2028. Defendant is currently incarcerated in the Lompoc federal prison.

*Defendant's Motion*

Defendant argues that two circumstances demonstrate extraordinary and compelling circumstances that justify compassionate release. First, Defendant argues that, with the passage of the First Step Act, his prior state drug conviction would not be sufficient to enhance his sentence under § 851. Because Defendant would not be subject to the same sentencing range if he were sentenced today, that is an extraordinary and compelling circumstance. Second, the Covid 19 pandemic is a crisis that has adversely affected inmates within the BOP, and that prison conditions make widespread outbreaks a real danger. The crowded conditions make effective precautionary measures against Covid 19 impractical. Additionally, he is reformed and that the relevant 18 U.S.C. § 3553 factors favor release.

*Government's Opposition*

The United States argues that Defendant has not exhausted his administrative remedies. Although he filed a request for compassionate release with the warden of Lompoc in January 2020, he filed a renewed request in April 2020. Less then 30 days passed between the filing of the renewed request and filing of this motion in this Court. Additionally, the United States argues that Defendant has not identified any extraordinary and compelling circumstances that justify release, the relevant § 3553 factors do not support release, and Defendant remains a danger to the community.

*Legal Standard*

Criminal defendants are empowered to request compassionate release for "extraordinary and compelling reasons." United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Specifically, in relevant part, 18 U.S.C. § 3582 provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;

18 U.S.C. § 3582(c)(1)(A)(i).  Before a defendant makes a request for compassionate release due to "extraordinary and compelling circumstances," "defendants must at least ask the [BOP] to do so on their behalf and give BOP thirty days to respond." Raia, 954 F.3d at 595.

*Discussion*

Initially, the Court disagrees that Defendant has failed to exhaust his administrative remedies.  It is true, as the United States argues, that exhaustion is a jurisdictional requirement under § 3582(c)(1)(A).  See Gallo Cattle Co. v. U.S. Dept. of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998); United States v. Bolanos, 2020 U.S. Dist. LEXIS 148077, *5 (E.D. Cal. Aug. 17, 2020); United States v. Greenlove, 2020 U.S. Dist. LEXIS 114624, *15-*16 (M.D. Penn. June 30, 2020).  However, Defendant submitted a request for compassionate release to the warden of Lompoc in late January 2020.  The warden of Lompoc denied that request on March 20, 2020.  See Doc. No. 642 at Ex. 2.  It is unclear when the warden actually received Defendant's request.  However, it is unreasonable to assume that the warden received the request on or after February 18, 2020.  It is far more likely that the warden received the request in late January or early February 2020.  Because more than 30 days appears to have passed before the warden of Lompoc acted on Defendant's January 2020 request, Defendant has exhausted his administrative remedies with respect to the January 2020 request.  Cf. United States v. Falaaga, 2020 U.S. Dist. LEXIS 159479, *6-*7 (E.D. Cal. Sept. 1, 2020) (explaining that if there is no response by a warden within 30 days of receipt of a request for compassionate release, a defendant at that point may proceed to court without further administrative action, but, if there is a timely response, the 30 day lapse language has no application and the defendant must follow the otherwise applicable administrative procedures and appeal the denial).

Apart from the exhaustion issue, the Court finds that relief is not appropriate.

First, Defendant identifies no health conditions that place him in an at risk category for severe illness from Covid 19.  Further, no inmates are currently infected with Covid 19 at the Lompoc prison.[2]  The words of the Third Circuit best describe this situation:  "We do not mean to minimize the risks that COVID-19 poses in the federal prison system . . . .  But the mere existence of COVID-19 and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ." Raia, 954 F.3d at 597.

Second, Defendant argues that his sentence would be different because of the First Step Act (Pub. L. No. 115-391, 132 Stat. 5194 (2018)) if he were sentenced today.  Specifically, he relies on § 401(a) of the First Step Act to argue that he would not be subject to a 240 year mandatory minimum sentence or enhancement.  Assuming without deciding that the First Step Act would lower Defendant's sentence if he were sentenced today, the First Step Act in this regard is not an "extraordinary and compelling circumstance."  Section 401(c) of the First Step Act clarifies that § 401(a) will apply "to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."  This means that anyone who received a sentence before December 21, 2018 is ineligible for any benefit that § 401(a) could confer.  See United States v. Voris, 964 F.3d 864, 873-74 (9th Cir. 2020) (discussing § 403 of the First Step Act).  This language expressly limits the retroactive application of § 401 to a class of prisoners that excludes Defendant.  See id.  Construing § 401 of the First Step Act to be an "extraordinary and compelling circumstance" would be contrary to the express limitation of the First Step Act and apparent congressional intent.  Thus, by itself, any benefit of § 401 of the First Step Act to Defendant if he were sentenced today does not justify compassionate release.  See United States v. Ward, 2020 U.S. Dist. LEXIS 137939, *5-*6 (D. Nev. Aug. 3, 2020).

In sum, because Defendant has failed to demonstrate that "extraordinary and compelling reasons" justify compassionate release, relief under § 3582(c)(1)(A) will be denied.

---

[2] Three staff members at FCI Lompoc and four staff members at USP Lompoc have active Covid 19 cases.  See www.bop.gov/coronavirus/   Thus, while there are Covid 19 cases associated with Lompoc, those cases are few in number and have not spread to the inmate population.  At this time, the Lompoc officials appear to be containing and managing the situation appropriately.

4

# **ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for compassionate release (Doc. No. 642) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: October 22, 2020

_____
SENIOR DISTRICT JUDGE