1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,              No.  1:03-cr-05165-JLT

12              Plaintiff,                    ORDER DENYING DEFENDANT'S
                                             MOTION FOR COMPASSIONATE
13         v.                                RELEASE

14    GLAFIRO GONZALEZ,                       (Doc. 656)

15              Defendant.

16

17         Glafiro Gonzalez moves the Court for compassionate release pursuant to 18 U.S.C. §

18    3582(c)(1)(A).  (Doc. 656.)  Gonzalez, along with the supplemental filing by his court-appointed

19    attorney (Doc. 665), argues that extraordinary and compelling reasons exist for relief due to

20    substantial changes to sentencing law.  Specifically, Gonzalez argues that under the First Step

21    Act, his prior drug conviction no longer triggers the enhanced mandatory minimum that applied

22    under the previous regime.  The government opposes the motion.  (Doc. 670).  For the reasons

23    explained below, Gonzales's motion is **DENIED**.

24                                      **BACKGROUND**

25         On March 3, 2005, a jury found Gonzalez guilty of conspiracy to distribute

26    methamphetamine and three counts of distribution of methamphetamine.  (Docs. 393, 396.)

27    Because of a prior drug felony, Gonzalez's mandatory minimum sentence was 240 months

28    pursuant to 21 U.S.C. § 851.  (Doc. 377.)  The PSR found that Gonzalez was responsible for

                                              1

1   selling 45.36 kilograms of a mixture containing methamphetamine, resulting in a base offense

2   level of 38.  (PSR ¶¶ 31–32; *see also* Doc. 628 at 2.)  The PSR recommended a three-level

3   increase for Defendant's aggravating supervisory role in the conspiracy, (PSR at ¶¶ 35-38),

4   resulting in a recommended adjusted offense level of 41, (*id*. ¶ 39).  Gonzalez's criminal history

5   computation resulted in 14 criminal history points, with a criminal history category of VI.  (*Id.* at

6   ¶¶ 43-68.)  The resulting Guidelines range was 360 months to life.  (*Id.* at 26; *id*. at ¶ 103.)  The

7   PSR recommended a sentence of 360 months.  (*Id.* ¶ 106.)

8          On June 21, 2005, the Court found that the quantity of methamphetamine involved in the

9   crimes resulted in a base offense level of 38, with a two-level increase for Gonzalez's supervisory

10   role in the conspiracy.  The total offense level of 40 resulted in a Guidelines range of 360 months

11   to life, but the Court departed downward and imposed a sentence of 300 months.  (Doc. 434; *see*

12   *also* Doc. 665-1 at 109.)

13          Since being sentenced, Gonzalez has filed a number of motions for relief.  (*See* Docs. 554,

14   617, 635, 642; *see also Gonzalez v. Langford*, No. 2:17-cv-06217-R-MRW, 2017 WL 6271256

15   (C.D. Cal. Nov. 27, 2017).)  All of these motions have been unsuccessful.  Gonzalez now requests

16   that the Court grant relief on the grounds that his sentence would be lower if imposed today under

17   the 2018 First Step Act.

18          Gonzalez is currently serving his sentence at USP Lompoc and is scheduled for release on

19   March 27, 2027.  *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/

20   (last visited December 23, 2022).

21                                          **LEGAL STANDARD**

22          A court generally "may not modify a term of imprisonment once it has been imposed."  18

23   U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of

24   conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not

25   be modified by a district court except in limited circumstances.").  Those limited circumstances

26   include compassionate release in extraordinary cases.  *See United States v. Holden*, 452 F. Supp.

27   3d 964, 968 (D. Or. 2020).  Under the First Step Act of 2018 ("the FSA") imprisoned defendants

28   may bring their own motions for compassionate release in the district court.  18 U.S.C.

1   § 3582(c)(1)(A) (2018).  In this regard, the FSA specifically provides that a court may

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf[1] or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that –
>
> (i)     extraordinary and compelling reasons warrant such a reduction; or
>
> (ii)    the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i) and (ii).

The policy statement with respect to compassionate release in the U.S. Sentencing Guidelines sets out criteria and circumstances describing "extraordinary and compelling reasons." U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13;[2] *see also United States v. Gonzalez*, 451 F. Supp. 3d 1194, 1197 (E.D. Wash. 2020) (noting that courts "universally" rely on U.S.S.G. § 1B1.13 to define "extraordinary and compelling reasons," even though that policy statement was issued before Congress passed the FSA and authorized defendants to file compassionate release motions).  However, the Ninth Circuit has held "that the current version of U.S.S.G.

---

[1]  If the BOP denies a defendant's request within 30 days of receipt of such a request, the defendant must appeal that denial to the BOP's "Regional Director within 20 calendar days of the date the Warden signed the response."  28 C.F.R. § 542.15(a).  If the Regional Director denies a defendant's administrative appeal, the defendant must appeal again to the BOP's "General Counsel within 30 calendar days of the date the Regional Director signed."  *Id.*  "Appeal to the General Counsel is the final administrative appeal."  *Id.*  When the final administrative appeal is resolved, a defendant has "fully exhausted all administrative rights."  *See* 18 U.S.C. § 3582(c)(1)(A).

[2]  The Sentencing Guidelines also require that to be granted a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), the defendant must not pose "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(2).

3

1  §1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by

2  a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).  "In other words, the

3  Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A)

4  motions filed by a defendant." *Id.*  The Ninth Circuit clarified that "[t]he Sentencing

5  Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for

6  § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* (citing *United States*

7  *v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)).  Finally, a defendant bears the burden of

8  "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938,

9  951 (9th Cir. 2022).

10                                    **ANALYSIS**

11       To qualify for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), a court must

12  consider three requirements:

13           First, as a threshold matter, the statute requires defendants to exhaust
             administrative remedies.  18 U.S.C. § 3582(c)(1)(A).  Second, a
14           district court may grant compassionate release only if "extraordinary
             and compelling reasons warrant such a reduction" and "that such
15           reduction is consistent with applicable policy statements issued by
             the Sentencing Commission.  *Id.*  Third, the district court must also
16           consider "the factors set forth in Section 3553(a) to the extent that
             they are applicable." *Id.*
17

18  *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (C.D. Cal. 2019); *see also United States v.*

19  *Ramirez-Suarez*, 16-CR-00124-LHK-4, 2020 WL 3869181, at *2 (N.D. Cal. July 9, 2020);

20  *Parker*, 461 F. Supp. 3d at 973–74; *United States v. Trent*, No. 16-cr-00178-CRB-1, 2020 WL

21  1812242, at *2 (N.D. Cal. Apr. 9, 2020) (noting that as to the third factor, under 18 U.S.C. §

22  3582(c)(1)(A) release must be "consistent with" the sentencing factors set forth in §3553(a)).

23  **A.       Administrative Exhaustion**

24       Pursuant to 18 U.S.C. § 3582(c)(1), an inmate may only file a motion for sentence

25  reduction after the Bureau of Prisons denied his request or after 30 days have passed since BOP

26  received his request.  The government does not contest that Gonzalez has met the exhaustion

27  requirement; therefore, the Court will address the merits of Gonzalez's motion.

28  ///

1    **B.      Extraordinary and Compelling Reasons**

2             Gonzalez argues that the Court should grant his motion because changes in the First Step

3    Act created an extraordinary and compelling disparity between Gonzalez's sentence and the

4    guidelines applicable for similar conduct today.  (Doc. 665 at 6.)  The 2018 FSA "limited

5    mandatory minimum enhancement based on prior drug convictions along two axes—the length of

6    the mandatory minimums and the range of offenses that trigger mandatory minimums in the first

7    instance." *United States v. Lii*, 528 F. Supp. 3d 1153, 1160 (D. Haw. 2021).  The Ninth Circuit

8    has recently confirmed that the Court may consider non-retroactive changes to sentencing law,

9    such as the FSA, in evaluating compassionate release motions.  *United States v. Chen*, 38 F.4th

10   1092, 1099 (9th Cir. 2022) (citing *Concepcion v. United States*, 142 S. Ct. 2389, 2396 (2022).)

11            Relevant to Gonzalez's case, the FSA reduced the enhanced mandatory minimum for one

12   prior felony drug conviction from 20 years to 15 years and changed the type of drug conviction

13   that triggers the enhancement.  Prior to 2018, anyone who had a prior "felony drug offense," such

14   as Gonzalez's 1999 conviction for transportation of a controlled substance, was subject to an

15   enhanced mandatory minimum for a subsequent violation of 21 U.S.C. § 841(b)(1)(A).  *See* 21

16   U.S.C. § 802(44).  Defendants sentenced after the First Step Act, however, are not subject to an

17   enhanced mandatory minimum sentence unless they have prior convictions for one or more

18   "*serious* drug felon[ies]," as defined in 21 U.S.C. § 802(57) and 18 U.S.C. § 924(e)(2).  *See* 21

19   U.S.C. § 841(b)(1)(A).  Gonzalez argues that his 1999 felony is not "serious" because the

20   maximum punishment for it is between 4 and 9 years—less than the 10 years that § 924(e)(2)

21   requires.  (Doc. 665 at 15.)  Without the prior conviction qualifying as a "serious" drug offense,

22   Gonzalez argues that he would not be subject to a 20-year mandatory minimum for the charges in

23   this case.  (*Id*. at 15–16.)

24            The Court need not address the substance of whether Gonzalez's prior conviction would

25   subject him to a mandatory minimum if he were sentenced today.  This is because Gonzalez's

26   Guidelines range was—and remains—far above the mandatory minimum of which he complains.

27   As stated previously, the sentencing court departed downward significantly to sentence Gonzalez

28   to five years *fewer* than the Guidelines initially suggested.  And even with this reduction,

5

1   Gonzalez's sentence amounts to five years *more* than the mandatory minimum applicable to his

2   conduct at the time of sentencing.

3         Though Gonzalez argues that the FSA created a "sentencing disparity" which now

4   presents extraordinary and compelling reasons for relief, he has not actually presented facts

5   suggesting that his Guidelines or ultimate sentence would or should be different if he were

6   resentenced under the FSA's changes.  *See United States v. Gomez,* No. CR 05-00300 JMS (01),

7   2021 WL 1240621, at *6 (D. Haw. Apr. 2, 2021), *aff'd*, No. 21-10113, 2022 WL 543080 (9th Cir.

8   Feb. 23, 2022) (a reduction in the mandatory minimum may be irrelevant where the imposed

9   sentence remains close to the applicable Guidelines range).  It is insufficient for Gonzalez to

10   speculate that the mandatory minimum applicable in 2005 was a "significant factor" in his

11   ultimate sentence while ignoring the other significant factors contributing to his lengthy sentence,

12   including: his *other* prior convictions, his role in the conspiracy, and the amount of

13   methamphetamine at issue in this case.

14         Aside from the purported "disparity," the only argument Gonzalez makes for his release is

15   the evidence of his rehabilitation.  The Court has reviewed Gonzalez's impressive educational

16   records and scarce disciplinary history and commends Gonzales for these achievements.

17   However, rehabilitation alone cannot justify relief under § 3582.  *See* 28 U.S.C. § 994(t); U.S.S.G.

18   § 1B1.13, cmt. n.3.  On this record, Gonzalez has not met his burden to demonstrate "extraordinary

19   and compelling" reasons for relief under § 3582.

20   **C.**     **§ 3553(a) Factors**

21         Because the Court concludes that Gonzalez's request is not supported by "extraordinary

22   and compelling" reasons, the Court need not reach the § 3553(a) sentencing factors.  *See United*

23   *States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this

24   sequential inquiry before it grants compassionate release, a district court that properly denies

25   compassionate release need not evaluate each step.").

26   ///

27   ///

28   ///

**CONCLUSION**

For the reasons discussed above, Gonzalez's motion for compassionate release (Doc. 656) is **DENIED**.


IT IS SO ORDERED.

Dated:   **December 27, 2022**

UNITED STATES DISTRICT JUDGE