**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GLAFIRO GONZALEZ,<br><br>　　　　Defendant. | Case No.: 1:03-cr-05165 JLT<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(2)<br><br>(Doc. 682) |

　　　　Glafiro Gonzalez is a federal prisoner moving for compassionate release under 18 U.S.C. § 3582(c)(2) and the "zero-point offender" provision of the retroactive amendments to the U.S. Sentencing Guidelines ("Amendment 821"). (Doc. 682.) The Government opposes the motion, contending that Defendant is ineligible for a sentence reduction because he was assigned 11 criminal history points based on multiple prior convictions and received an upward adjustment under U.S.S.G. § 3B1.1 for his supervisory role in the offense. (Doc. 685.) Defendant filed a reply on August 1, 2024. (Doc. 686.) For the reasons set forth below, Defendant's motion is **DENIED**.

　　　　On March 3, 2005, a jury found Defendant guilty of conspiracy to distribute methamphetamine and three counts of distribution of methamphetamine. (Docs. 396, 400.) Because of a prior drug felony, Defendant's mandatory minimum sentence was 240 months pursuant to 21 U.S.C. § 851. (*See* Doc. 377.) The presentence investigation report ("PSR") found that Defendant was responsible for selling 45.36 kilograms of a mixture containing methamphetamine, resulting in a base offense level of

38. (PSR ¶¶ 31-32; *see also* Doc. 628 at 2.) The PSR recommended a three-level increase pursuant to U.S.S.G. § 3B1.1 for Defendant's aggravating supervisory role in the conspiracy, (PSR at ¶¶ 35-38), resulting in a recommended adjusted offense level of 41. (PSR ¶ 39.) Defendant' criminal history computation resulted in a criminal history score of 14, placing him in criminal history category VI. (PSR ¶¶ 43-68.) Defendant's criminal history score included 11 criminal history points based on multiple prior convictions, 2 status points under the prior version of U.S.S.G. § 4A1.1(d), and 1 "recency point" under the 2004 version of § 4A1.1(e). (PSR ¶¶ 65-68.) The resulting Guidelines range based on Defendant's offense level and criminal history category was 360 months to life. (PSR ¶ 93.) On June 21, 2005, the Court found that the quantity of methamphetamine involved in the crimes resulted in a base offense level of 38, with a two-level increase for Defendant's supervisory role in the conspiracy. (Doc. 665-1 at 101, 105.) The total offense level of 40 resulted in a Guidelines range of 360 months to life, but the Court departed downward after considering the sentencing factors under 18 U.S.C. § 3553 and imposed a sentence of 300 months in custody. (Doc. 434 at 3; Doc. 665-1 at 106-109.)

Defendant now asks the Court to reduce his sentence under Part B, Subpart 1 of Amendment 821 to the U.S. Sentencing Guidelines, which provides a two-offense-level reduction for certain "zero-point offenders" who present zero criminal history points and satisfy the remaining criteria listed in U.S.S.G. § 4C1.1(a). *See* U.S.S.G. § 4C1.1. Specifically, a defendant must meet each of the following:

1. *the defendant did not receive any criminal history points from Chapter Four, Part A;*
2. the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
3. the defendant did not use violence or credible threats of violence in connection with the offense;
4. the offense did not result in death or serious bodily injury;
5. the instant offense of conviction is not a sex offense;
6. the defendant did not personally cause substantial financial hardship;
7. the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

8. the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

9. the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

10. *the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role)* and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

U.S.S.G. § 4C1.1(a) (emphases added).

As indicated above, Defendant was assigned 11 criminal history points and received a two-level adjustment under § 3B1.1. Thus, he fails to meet the criteria set forth in § 4C1.1(a)(1) or (10). Because § 4C1.1 provides for a sentence reduction only for those offenders who satisfy the criteria provided in § 4C1.1(a), Defendant does not qualify for a zero-point offender reduction and is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Thus, the Court does not consider the § 3553 sentencing factors at this time. *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Based upon the foregoing, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 682), is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 25, 2024**

UNITED STATES DISTRICT JUDGE